The next case will be O8-1027-1028 Helmsderfer v. Bobrick Washroom The next case will be O8-1027-1028 Helmsderfer v. Bobrick Washroom The issue before the court today is whether the district court below construed the term found in Claim 1 of the 928 patent, partially hidden from view, whether it construed that phrase correctly. The district court's construction said hidden from view to some extent, but not totally hidden from view. And it's the component, but not totally hidden from view that Brokaw has a problem with. You want partially to include some and even potentially all? Correct. Okay. Now, I think that, let's look at the whole claim language around this element, not just the four words that you've extracted. Because this is what I was thinking about. Support platform being movable between a closed position up against a wall, wherein the platform top surface is partially hidden from view. Okay? So, up against the wall, right? You now have the baby changing table going up against the wall. I've got four kids ages 7 and under, so I've got a little bit of familiarity with the concepts involved in this patent. So the baby changing table goes completely up against the wall, right? Correct. So then, wouldn't you say against means touching and in contact with something along those lines? Well, correct. I mean, it's essentially against the wall such that in the preferred embodiments that are shown in the 928 patent. Okay. So, against the wall, you would accept the definition of touching or in contact with. I'll tell you, I got it from four different dictionaries that were relatively contemporaneous with the client's case. I was curious about what against meant. So you would say against means touching. I mean, that's what the pictures show, right? The pictures show this thing touching the wall. Well, it's at least against the wall in terms of being close to. I don't know. Against the wall now means close to the wall? What does the words against the wall mean? Because if against the wall means touching, I don't see how partially couldn't mean completely. Because if it's touching the wall, there's no way you can see the darn thing. Well, there's also, there's at least two different embodiments discussed in the. Oh, you have a lot of embodiments discussed actually. But there are instances where the baby changing table can be in a recessed wall, in a recessed inner wall such that when it's folded up into the recess, like it's commonly done in, say, the public restrooms at, say, McDonald's, then it may not be touching the back wall of the recess, but because it's in the recess, it is completely hidden from view in that instance. It's completely up against a wall. Well, the claimant used the support platform in the closed position is up against a wall. So I'm trying to understand partially in the context of the claim element in which it's used. And so tell me what up against the wall means. Well, we didn't brief that, and we didn't look at that, but it essentially means that the top surface is against the wall, but. And if the top surface is against the wall, then it seems to me that the top surface is always completely hidden from view. See, here's my problem. My problem is I can't see how partially and against the wall actually work together. I can't see it. I think either partially has to mean completely or it doesn't mean anything at all, but I don't even see how you get some range in between. Well, for instance. In light of your up against the wall language. I mean, I think you can't just take four words out of a claim and ignore the five words that precede it. Correct. So here's two examples where you can be up against the wall and still be partially only partially. Perfect. Let's say that you walk into the restroom and there is a wall and it allows you to pass through that wall. So it's an opening so that the baby changing staples may be changing station is not fully on the wall, but but off to the but off to one side so that only part of it goes up against the wall. Because the support platform is what has to in the closed position be up against the wall. The support platform is the entire area around the changing table. It doesn't say a portion of the support platform is up against the wall. It says the support platform in the closed position is up against the wall. But tell me how it's looking. I just think it's really poor claim directing, but I'm struggling. I don't know how to get through this. Like I was saying, I think you could have a situation where the changing station is up against is mounted so that part of it folds up against the wall. Which part? The top surface. The top surface only requires the support platform to be up against the wall. Not the top surface. Support platform. Well, let's look at the picture from your patent to understand. You can all understand what the support platform is. Support platform is 32 in all of your figures. It's designated 32. You can see it most clearly, I think, in figure 2. So it is the frame around the entire changing table is number 32 in this picture. And that's what your claim requires to be up against the wall. Look, in some respects, you're winning with me, right? Because I'm clearly at the point where the top surface, when 32 is up against the wall, as your claim requires, I don't see how the top surface is ever anything but completely hidden from view. So to the extent you want completely impartially, I agree with you. To the extent that you want anything but completely impartially, I don't see how you've disclosed it. I understand. And your claim language contradicts it, so I'm not sure what to do. I understand. And I understand what you're— Okay, so answer. So help me figure out how to reconcile up against the wall, the support platform being required to be up against the wall, and reconcile that with how I should construe partially hidden from view, the top surface being partially hidden from view. Right. So if you look at figure 2, there is—the support platform includes the top surface. And that's part of the claim language, so that the support platform has a top surface. But it may not be—it may be, for instance, concave, so that when the support platform, the structure itself goes up against the wall, there may not be—there may be parts that are not fully against. But they wouldn't be visible. If the support platform is concave, I'm with you 100 percent. Top? Concave, right? Well, so the part that's going to touch the wall is the exterior part, not the concave part. Once the exterior parts touch the wall, the concave part is completely hidden from view. Correct. I need an example from you where partially means something other than completely, and concordance would be up against the wall. And so as I was saying, let's take another example. Let's say that there was, for instance, in figure 2, there shows sort of a recess, if you will, in 22. But you could have a wall situation in a restroom that basically is not a complete wall. So it's mounted, but there's an opening, almost as if a window, such that if you pull the top surface—I'm sorry, the support platform down, you're seeing an opening that may be into another room. Let's say it's a family changing room, and one of the parents of the other kids is there, and they pull it down so that there's a window, a window so that they could see into, say, an adjacent room. So when the support platform folds up, it's fully against the wall, but because you can see through that window on the other side, the top surface is only partially hidden. So partially hidden from view would involve a window in the thing it folds into, as well as a window in the wall behind it would lead into another room. And so when it's closed, the people in the other room would be looking at the top surface from the other room. That's what I'm trying to say. There's a wall with an opening. Well, not only the wall has to have an opening, but the thing that this thing folds into has to have an opening as well. No, no, no. What I'm saying is, if the wall has an opening or a window or something, such that when it's pushed up on this side, you could go around to the other side, and you could see part of the top surface too. That's an example. Very good thinking on your feet, Counsel. Very good. Because I was having a lot of trouble with this time, obviously. I spent a lot of time on it. So, when we get back to the coarse construction, the problem with the coarse construction is... If we read out completely hidden from view, I mean, you come up with a very creative example about the hole, the wall, and the other thing. But if we don't include completely, because here's where I come down to, partially means partially hidden from view. It means some but not all, and definitely not none. And I have to tell you, ordinary meaning, all the dictionary definitions, you can report that. I think the district court was generous when we said, to some extent, doesn't. To some extent, maybe helps you. But don't we have to repartee in the context of the patent? And my problem is, in the context of the patent, it seems to me that every single embodiment, every single picture, everything you show, shows the platform holding completely against the wall in the absence of a window or a hole, which, by the way, never discussed in the patent. I'm sorry? The absence of that window that you creatively came up with is not discussed in the patent. I don't believe so. No, but it's okay. So, in the absence of that window, everything that is discussed in the patent seems to contemplate this thing folding into a windowless wall, since window is never mentioned, and that's probably quite a usual situation. So, this thing folds up against the wall. And isn't almost every embodiment then, in normal operation, going to have the top surface completely hidden from view? That's correct. Every embodiment. I couldn't find a single embodiment or a single word anywhere in the patent where it wouldn't be completely hidden from view. Now, you've given me an example. And, by the way, these were originally cloud planes, correct? This partially hidden from view language was part of the original cloud plane. That's correct. Yes. There's no process. No registration problems here that you ever have to contend with. But because I actually thought you sold yourself short a little bit in the briefing, in that you said it would read the preferred embodiment. I think if we don't construe partially and including completely, it reads every embodiment out of this thing. Every single one. Well, correct. I mean, if you look at it, every embodiment that's disclosed in the figures, in the specification, it talks about being generally hidden from view. It not just talks about being generally hidden from view, but it shows this thing folding up completely against the wall. And nowhere in here does it show a window. So, at all times, every embodiment, every one of your, what, 14 different pictures, shows this thing folded up and the top surface in operation as shown and described at all times would be completely hidden from view. Now, look, I don't, I'm not, this is a softball. So, at all times, it's completely hidden from view. It just seems to me that if we don't construe partially as including completely, we read every embodiment out, as at least including completely. You do argue we read the preferred embodiment out, but I think that you sold yourself short. I don't think there's anything in here that wouldn't be read out. Correct. It's every embodiment that's disclosed in the figures. Let me ask you a question. Correct. As I understand it, tell me if I'm wrong on this, you want us to construe the words partially hidden from view as though it was partially or totally or completely hidden from view. Is that correct? Correct. And if that is how you want us to construe it, if that's what you think it means, my question to you is why wasn't the pattern crafted in those terms? Partially is not a particularly ambiguous phrase. Everyone knows what it means. And if you wanted to catch either a little bit concealed or the whole thing concealed, or you could have said or concealed in whole or in part from view, why didn't you say that? I didn't draft the claims, but I... It's not a fair question because partially, when I say I'm partially prepared, that doesn't mean I'm fully prepared. I suppose you would tell me that, well, what partially means has to depend on the particular context. And in this context, what you're saying, I suppose, what you're talking about is being concealed from view, inherent in the concept of partially concealed from view, That's correct. And my question to you is if that's what the patent claim intended, why didn't it say that? I don't know that I can speak for the inventor, although I do know him, and I think his intention was to, as we pointed out in the Gillette case, is that there may be attempts to cover with their claims less preferred embodiments, where there's partially hidden from view, but also to cover the truly preferred embodiments or the commercial embodiment where it's fully hidden from view. So that was the attempt by using the word partially hidden from view. And looking at that in terms of the entire specification and the language in the specification that talks about changing station that's unobtrusive so that it is in the best practice up against the wall and out of the way. So I don't think you can, and I think what the court did, the district court, was to look at a whole host of dictionary definitions without circling back to specification and determining whether his definitions conflicted with the intrinsic evidence. All right, thank you. Thank you. Thank you, Your Honor. In order to address these questions that were raised from the bench directly, I too struggled with whether that leaves the claim indefinite. I would respond to the quick thinking that there could be a window in the wall, the response being that if this table folds up into a window, then it's no longer against a wall. It's in and over. It's a concave, the window is never going to be the entire length of it. Okay, so a floor hole in it. Right. I suppose that could happen. I've never seen that. There's no support for that in the past. Well, the support for that arguably would be the original file plan. Exactly, that was my next point, was that there is an embodiment disclosed that the claim covers, and the embodiment was disclosed by the claim itself. The claim that the originally filed claim was part of the specification. Therefore, without describing it in detail, it did disclose such an embodiment. The specification, the written specification, described more of a generic situation where it's generally hidden from view. What was shown in the illustration. What does the word generally mean? I don't know what the word generally means. The appellant has argued that it can mean anything from partially to fully. But it's clearly more broader. Well, let me tell you what all the dictionaries say the word generally means, using the same ones as the district court did and ones that were contemporaneous. As a rule, usually. Okay. So as a rule, hidden from view. But yet, the claim says partially. And this court has repeatedly said, and the Supreme Court has said, and Markman and elsewhere, that the language of the claims are what controls. I would submit to you that. But what about reading all these embodiments out of existence? I know that you came up with something creative. Let me give you your due, which is the claim introduces its own embodiment. But we, in the past, haven't looked that way. Because we have an awful lot of cases that talk about this claim, reading the perverted embodiment out of existence. And in many of those cases, I'm sure those were originally thought claims. Maybe I won't have to look back over our precedent to see. Which means that we haven't traditionally treated the claim itself as a separate embodiment, but rather, in the course of construction, looked at how those words ought to be interpreted, vis-a-vis the unquestionably disclosed embodiments referred to as such in this great description. So what if it reads all the words out of existence? Is the claim construction correct if every embodiment out of existence? Not in a well-drafted claim or a well-drafted patent application. But in this situation, what was disclosed was one species, and what was claimed was a different species. Or I should say, what was illustrated was one species. What was claimed was a different species. Whether there's something generic that generally describes it is a different question. What about the comprising language? It says comprising, but partially in a different view. I mean, couldn't that contemplate something more than partially? No, it does not. The reason being, the open-ended comprising language addresses the traditional situation of claiming a table with three legs. If it has a fourth leg, it's still covered. I can still point to those three legs, even though it has an additional one. If the claim said a table with three and a half legs, if the fourth leg is full, it's no longer half. It has eclipsed the status of being half, and it's not half anymore. Another example would be that if the claim said something was partially cooked, then if what was being accused was fully cooked, well, then it's not partially cooked anymore. But what if the specification throughout everything shows it being fully cooked? What do we do if that happens? I'm struggling with this case. I'm just struggling with it. I guess what we do with the case is that we construe those problems and those ambiguities against the drafter, because my client didn't have an opportunity to use better language, to change the disclosure, or to use better claim language. So the party who did have that opportunity is the one who bears the burden of having claim language that is perhaps unnecessarily narrow, but in any event, says partially. The only issue, as I read the appellant's brief, that it brings before the court is whether the district court correctly construed the term partially hidden from view. That's the only challenge it makes as far as I can see, is that the district court was wrong in that. Partially hidden from view doesn't have a narrow meaning the district court gave to those words. That's correct. That's the only issue that the appellant appealed. The case law tells us that the written description is a substitute for and can't be used to rewrite the claim language. The specifications teach. Claims claim. The specification, you shall not read limitations into a claim to narrow it. Likewise, you don't read limitations in which broaden it. There can be broadening limitations, such as at least partially. I don't read them as arguing that they intended to be their own lexicographer. No, and I don't believe that they did. I think that they're really focusing on partially, can mean, and include completely, right? An ordinary, plain understanding of the word. I believe that they are making, that is their position, and that is the argument they're making, but I don't see any evidence to support that, other than the fact that the illustrated embodiments don't show that. Other than that, there's no evidence intrinsic or extrinsic that says partially includes completely. The unique concepts case tells us that it would run counter to the statutory provision for an applicant to expressly state in his claims one thing and then be allowed to avoid that claim limitation in later infringement suit by pointing to one paragraph in the specification, or in this case the drawing figures, and stating an alternative that lacks that limitation and thus interpret the claim contrary to its plain meaning. Judge Moore, you said that you agreed that the plain meaning of partially is less than complete, and so we would have to abandon that plain meaning. No, because we look at the plain meaning in light of the spec, and I said in the abstract. Yes. But in light of the specification, that's why we're all here today, right? Exactly. If the specification weren't what it were, nobody would be spending this money and time. Exactly. But, Your Honor, a person of ordinary skill in the art would understand partially, to mean partially, even though they may be of the opinion that that wasn't a very appropriate word to use, they would still not disagree with what that word means that was used in the claim, despite what the specification says and illustrates. There's a secondary issue that the appellee has raised that is a contingent issue and only needs to be addressed if this court reverses on the primary issue. The secondary issue relates to the claim language, the cap structure configured to engage the platform and secure the panel to the platform. I have a question on that, not on the merits of it, but whether that's properly enforced. As I understand, you filed a course appeal on that issue and then you said that as you read the Bailey case, Bailey said that if you didn't have to have a course appeal, you could make the argument as an appellee and therefore you felt you didn't have to course appeal. But Bailey, as I read it, was applying the principle that you don't need a course appeal, and a course appeal is inappropriate where what you're seeking is affirmance of the judgment. But you're not seeking an affirmance of the judgment on this point. You are seeking a modification of the judgment because the judgment is a peculiar judgment. It's tied solely to this particular construction of the platform. And therefore, it seems to me, if you wanted to make an argument that would change the judgment, you should have persisted in your course appeal and having dropped your course appeal. I don't see that that is properly enforced. Well, Your Honor, I studied those cases as well, and I am of the opinion that a course appeal would be appropriate. But the manifest weight of the case law from this circuit told me otherwise. And that was that the judgment is a judgment of non-infringement. And since my client won all that it could win in a judgment of non-infringement, then my client had no say in the course appeal. But Your Honor, in your brief I noticed, on the second point, you're not asking us to affirm the judgment of the district court on an alternative ground. You're saying affirm it on the ground given by the district court. But if you reject that and send it back, also tell the district court that it misconstrued another term of the patent. That is correct, Your Honor. Because the district court did not make any findings with respect to infringement as to that issue, then there is no judgment of infringement or non-infringement based upon the interpretation of this claim limitation. However, because we are here and this court can review claim construction de novo, then it should do that in the interest of judicial economy rather than for us to go back, if you reverse on the primary issue, go through a trial and regardless of the outcome there, come back here for a pallet review of this claim construction language, which we have in front of us now and we can deal with now. The precedent from this court distinguishes between a judgment and a decision and it's made clear that the court reviews judgments and not the decisions. And so the judgment in this case was a judgment of non-infringement based upon this primary issue. The underlying decision did have findings of law, legal conclusions, I should say, as to claim construction of several different claim terms and this is the one that we believe was important and was misconstrued and should be rendered correct if this court should reverse on the primary issue. If I may, this limitation is a limitation relating to the protective cap structure. The Claim 6 says that it further comprises a protective cap structure surrounding the protective panel. That tells us where it's located. It gives it dimensionality. Then there's an additional separate limitation. It says, comma, the protective cap structure configured to engage the platform and secure the panel to the platform, all of which is purely functional language. We understand the presumption that's against construction under 112 paragraph 6. What the word means is not there, but the case law clearly spells out the test and analysis. The Moss Hamilton case most clearly spells that out. Other cases have acknowledged that the rule applies and those tests have been mapped. There's no recognized structural meaning Let me ask you one more question on that. Suppose we were to agree with you that everything happened according to this scenario. We reversed the course of construction and we accepted your views on the other term. When the case goes back, at that point, do you think you are entitled to another judgment, a new judgment of non-infringement, or would there be some further proceedings in this case? Yes, I believe that we would be entitled to a judgment of non-infringement. I don't know whether the plaintiff appellate would stipulate to such a finding or not or whether some other proceeding. Under your theory, you would be entitled to another judgment of non-infringement, a judgment of law on a different ground than that given by the district court in its first judgment. That's correct, Your Honor. And the construction to that element that this court applies would then be law of the case, of course. And that construction would be applied by the district court and then it would only be, if there was some dispute as to the facts, that's what would be determined there. I see I'm out of time. Thank you, Your Honor. Do you have anything to say? Oh. I mean, a lot of the users should have it, but I gave a couple of extra minutes. Oh, OK. I'm sorry. Well, I guess I would say that the tests have been met. There's no recognized structure for the configured to engage in secure language. That those functions were not found and there's no evidence to support that that's somehow inherent in a CAP structure, whatever that may be. The claim also doesn't specify any specific structure for performing the functions that are recited in the claim, and so it would be appropriate to construe it under Section 112, Paragraph 6. The patentee, again, could have used other language to describe this, but if as the district court said that the engage and secure just means that it fits together, then that gives no import to that claim language. That's all I wanted to add. Thank you. I just want to go back to how important the specification is in determining the claim, the interpretation of partially hidden from view, and particularly point to the Vitronics case that says a claim interpretation that excludes a preferred embodiment is rarely ever correct. It went on to further state it would require highly persuasive evidentiary support, and I don't think that's anything that's popular. So that's only if there are sort of two plain means. That's only if the construction that's being advocated is consistent with all the embodiments is reasonable. It is one of the ordinary meanings of the word, because many of you work in more than one meaning. But the hard thing is taking partially and getting to completely. It's our position that if you look at the claim language in view of a specification that partially hidden from view does encompass completely hidden from view. But you weren't trying to be, if you're not arguing now, that you were being your own lexicographer, that in the patent you defined partially a meaning that is different from its ordinary meaning, right? We did not. We are not. Your argument to us is that this is one of the potential plain meanings. That's correct. Just real quickly on the 112th paragraph 6, the fact that it's in front of the court properly. Bobrick's approach, and they at least recognize that they have a heavy burden of overcoming the presumption that it's not means plus function. Bobrick's approach is relatively unique in that it doesn't really say that the cap structure is the means element. It actually says that the word configured to is linguistically equivalent to including means for. So they're rewriting the claim to say cap structure including means for the function. All right, sir. Thank you. Thank you very much. All rise. The honorable court is adjourned until 10 o'clock tomorrow morning.